Matter of Fraternal Order of Eagles (Commissioner of Labor) (2022 NY Slip Op 05564)

Matter of Fraternal Order of Eagles (Commissioner of Labor)

2022 NY Slip Op 05564

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

532928
[*1]In the Matter of the Claim of Fraternal Order of Eagles, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

DiPasquale & Carney, LLP, Buffalo (Jason R. DiPasquale of counsel), for appellant.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 2020, which ruled, among other things, that Fraternal Order of Eagles was liable for additional unemployment insurance contributions on remuneration paid to certain persons.
Based upon an anonymous tip, the Department of Labor conducted an audit of the Fraternal Order of Eagles (hereinafter FOE), a private club organized under Internal Revenue Code (26 USC) § 501 (c) (8), for the period of the first quarter of 2013 through the third quarter of 2015. Upon review of the auditor's report, which was based upon his brief visit to the club and review of the records and information made available, the Department issued an initial determination finding that FOE was liable for additional unemployment insurance contributions based upon remuneration paid to its junior president, secretary and two bartenders during the relevant time period. FOE disputed the finding, claiming that it had no employees and that the individuals in question were volunteers. Following a hearing, an Administrative Law Judge credited the auditor's report and testimony and sustained that determination. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed. FOE appeals.
We are unpersuaded by FOE's contention that the Board's decision is not supported by substantial evidence. Although FOE denied that it employed anyone, it conceded that it paid its junior president, who performed funeral services and hosted luncheons, $50 for holding that position. There was also an additional $36 payment to the junior president. FOE claimed that this amount represented a reimbursement, but FOE produced no documents to support that assertion. FOE also conceded that its secretary was paid a monthly rate of eighty cents per member and that the secretary performed bookkeeping services. FOE claimed that these payments were not for those services but were reimbursement for gas, mileage and vehicle maintenance associated with the secretary's position. Again, FOE produced no receipts or invoices reflecting the reimbursable expenses incurred.
Turning to the two bartenders, FOE maintained that the bartenders were volunteers, who are not paid and do not receive tips. The auditor testified, however, that he found FOE's assertion that the two bartenders were volunteers to be unreasonable given his estimation, based upon FOE's food sales and other available information, that the bar was open 50 to 55 hours a week. Further, the auditor testified that, when he visited the club, he did not see any sign indicating that tips were prohibited and observed money left on the bar being placed in a jar behind the bar. To the extent that FOE maintained that such money went toward the building fund, the auditor testified that he did not see any sign to that effect nor was there any documentation, including in FOE's sales or bank records, of any building fund donations. Notably, the auditor also testified that FOE's [*2]accountant refused his request to have a FOE member sign a statement attesting to FOE's explanation that the bartenders were strictly volunteers and that any money left at the bar was strictly for the building fund.
In view of the foregoing, and deferring to the Board's credibility assessments, substantial evidence supports the Board's decision that an employment relationship existed during the audit period at issue and that FOE is liable for additional unemployment insurance benefits based upon remuneration paid to its junior president, secretary and two bartenders (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1183 [3d Dept 2021]). To the extent that FOE asserts that the Board abused its discretion in not crediting its witnesses and in making negative inferences against it for failure to produce certain documents and witnesses, it is within the exclusive province of the Board to evaluate evidence and the inferences to be drawn therefrom, "and the Board is the final arbiter of witness credibility" (Matter of Hosang [Crystal Cargo Inc.-Commissioner of Labor], 202 AD3d 1241, 1242 [3d Dept 2022] [internal quotation marks and citations omitted]). FOE's remaining contentions, to the extent that they are preserved, are without merit.
Lynch, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.